UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:24-cv-00789-SEP |
| | ) | |
| BARNES-JEWISH HOSPITAL and | ) | |
| THE WASHINGTON UNIVERSITY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Settlement Approval and his Oral Motion for Leave to File Under Seal the Amount of Settlement.  Docs. [19], [28].  For the reasons set forth below, both motions are granted.

### I.    Background

Plaintiff's daughter, Kaitlin Barnett, underwent surgery at Barnes-Jewish Hospital in 2022; during follow-up care she experienced hypoxia and bradycardia, which ultimately led to her death on June 17, 2022.[1]

On June 15, 2023, Plaintiff filed this lawsuit against Defendants, alleging negligence and wrongful death.  Doc. [3].  After a successful mediation, Plaintiff filed a motion to approve the wrongful death settlement.  Docs. [19], [20].  On January 14, 2025, the Court held a hearing on Plaintiff's motion, at which the Court reviewed the parties' settlement agreement and heard testimony from Plaintiff.  Doc. [27].  At that hearing, Plaintiff made an oral motion to file under seal portions of the settlement agreement, seeking to keep confidential provisions of the document that would reveal the settlement amount.  Doc. [28].

### II.    Motion for Sealing

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute."  *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222

---

[1] This brief factual summary is drawn from the allegations in Plaintiff's Complaint.  Doc. [3].  The Court provides it solely as context and treats none of Plaintiff's allegations as proven.

1

(8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Here, the parties seek to file under seal those portions of their settlement agreement that reveal the total settlement amount. Plaintiff argued at the hearing that sealing the settlement amount serves the parties' joint interest in confidentiality, which is reflected in the terms of the agreement. The Court agrees that the parties' interest in keeping their settlement amount confidential is substantial. *Eagen v. Kirksville Mo. Hosp. Co., LLC*, 2021 WL 6134381, at *2 (E.D. Mo. Dec. 29, 2021) (acknowledging the parties' compelling interest in keeping both the terms and amount of their settlement agreement confidential where confidentiality was a material contractual term). The alternative dispute resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept confidential. *See Williams v. BPV Market Place Investors, L.L.C.*, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014). Moreover, the public also has an interest in encouraging settlement of disputes through mediation. *See Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021) ("The public has an interest in encouraging settlements, which require fewer public resources than litigation.").

The private and public interests in confidentiality must be weighed against the public's interest in access to this Court's decisions, however. In this instance, with respect to the settlement amount itself, the Court finds that the balance favors confidentiality. Under the

2

circumstances, the Court discerns little public interest in the amount of the parties' settlement. *Eagen*, 2021 WL 6134381, at *2 (finding minimal public interest in the terms and amount of a settlement between two private litigants over a wrongful death claim). And the parties have minimized any intrusion upon the public's interest in transparency by asking to seal only the total settlement amount. All other terms of the agreement, including the percentage paid in attorneys' fees, will be accessible on the public docket after Plaintiff files a redacted version of the agreement, which omits only those sections from which the total settlement amount could be deduced. Therefore, the Court grants Plaintiff's motion for sealing. Plaintiff must file on the docket a redacted copy of the settlement agreement that omits references to the total settlement amount by no later than one week after the date of this Order.

## III.    Petition for Approval of Wrongful Death Settlement

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1. In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages . . . ." *Id.* § 537.095.3. After entering judgment, the Court is required to order the claimant to do the following:

(1) To collect and receipt for the payment of the judgment;

(2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . . ;

(3) To acknowledge satisfaction in whole or in part for the judgment and costs;

(4) To distribute the net proceeds as ordered by the court; and

(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

The Court first considers whether Plaintiff diligently attempted to notify all parties having a cause of action under § 537.080. Under § 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any

3

deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1). The Court held a hearing on January 14, 2025, at which Plaintiff and counsel for both parties were present. Plaintiff's attorney and Plaintiff both attested that Plaintiff is the only Class 1 Beneficiary under Mo. Rev. Stat. § 537.080 who has standing to pursue and settle this claim, and there are no other parties who should have received notice of the same. Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 received adequate notice.

The Court next considers whether to approve the settlement amount. Although section 537.095 requires court approval of a settlement, it "does not identify a standard for 'approval' of the amount of a settlement." *Johnson v. City of Hazelwood*, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Other courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned" and which lists several factors for the trier of fact to consider.[2] *See Johnson*, 2017 WL 492822, at *2; *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 & n.2 (E.D. Mo. May 18, 2021). The Court's assessment of what is fair and just in the settlement context should be "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on questions of liability and allowable damages." *Johnson*, 2017 WL 492822, at *2.

Plaintiff, who was represented by counsel, negotiated a settlement with Defendants covering all of his claims for the total amount of [REDACTED]. Plaintiff testified at the hearing that he believed that the terms of the settlement are fair and reasonable and in his best interest as beneficiary. He also testified that, considering the expense, delay, and uncertainties of litigation, he believes it is in his best interest to waive a trial and settle the claims against Defendants. Based on the above, the Court finds that the settlement is fair and just. *See Long*, 2021 WL 1985054, at *3 (citing *Johnson,* 2017 WL 492822, at *4).

Finally, the Court considers the question of attorneys' fees and expenses. Generally, the Court is to order payment of attorneys' fees "as contracted" out of the parties' respective settlement proceeds. Mo. Rev. Stat. § 537.095.4(2). *See also, e.g., Bishop v. Nico Terrace*

---

[2] Mo. Rev. Stat. § 537.090 provides for damages that are "fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of" the class of plaintiffs.

*Apartments, LLC*, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010). Here, Plaintiff agreed to pay his attorneys a contingent fee of 40% of the gross recovery, and the proposed distribution of the settlement proceeds is consistent with that agreement. The Court finds the agreed-upon distribution of fees and expenses to be reasonable and sees no basis for departing from the parties' fee contract.

For all of the above reasons, the Court grants Plaintiff's Motion for Approval of Wrongful Death Settlement and orders distribution of the settlement proceeds as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Oral Motion for Leave to File Under Seal the Amount of Settlement, Doc. [28], is **GRANTED**.

**IT IS FURTHER ORDERED** that no later than **7 days** after the date of this Order Plaintiff must file on the docket a redacted copy of the settlement agreement that omits references to the settlement amount.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Settlement Approval, Doc. [19], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's causes of action and all claims for injuries, damages, and losses against Defendants shall be settled for a total amount of [REDACTED] inclusive of attorneys' fees and costs.

**IT IS FURTHER ORDERED** that attorneys' fees and expenses shall be distributed as provided for in the parties' agreement regarding the same.

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed, Plaintiff shall file a Satisfaction of Judgment with the Court advising that all proceeds have been distributed as ordered.

**IT IS FINALLY ORDERED** that no later than **10 days** after Plaintiff files a notice with the Court advising that all settlement proceeds have been properly distributed as provided herein, the parties shall file a stipulation of dismissal. The Court will thereupon issue a separate order of dismissal.

Dated this 29th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5